UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DESHAWN HARRIS,

   Plaintiff, : Case No. 2:18-cv-600

 -vs-                                  Judge Sarah D. Morrison
                                          Magistrate Judge Chelsey M. Vascura
DARREN STEPHENS, *et al.*,
                                         :

   Defendants.

**OPINION AND ORDER**

This matter is before the Court on Defendants Darren Stephens, Chase Pinkerman, Columbus Division of Police, and the City of Columbus' Partial Motion for Judgment on the Pleadings (ECF No. 13), Plaintiff DeShawn Harris' Memorandum Contra (ECF No. 16), and Defendants' Reply (ECF No. 17). For the reasons that follow, the Court **GRANTS** Defendants' Motion.

**I.    BACKGROUND**

On June 17, 2017, Crystal Powell allegedly reported to Columbus Division of Police ("CPD") Officers Darren Stephens and Chase Pinkerman that she was assaulted by DeShawn Clark, her boyfriend and father of her child. (Compl., ¶¶ 8–15, ECF No. 1; DV Screen, ECF No. 1-2). Officer Stephens, with the assistance of Officer Pinkerman, filed two criminal complaints and an affidavit in support of probable cause to secure an arrest warrant for Plaintiff DeShawn Harris for charges of assault and domestic violence stemming from the incident. (Compl., ¶¶ 21–24). According to Plaintiff, he had never met Ms. Powell, he was not the father of her child, he was not at the bar where Ms. Powell picked up her boyfriend prior to the assault, and he resided approximately 5.7 miles from Ms. Powell's residence where the assault took place. (*Id.* ¶ 17).

1

Pursuant to that warrant, on June 29, 2017, Plaintiff was arrested and held on $40,054 bond in the Franklin County Corrections Center until he secured bail through a bondsman. (*Id.* ¶¶ 30–31). The next day, Plaintiff was arraigned and entered a plea of not guilty. (*Id.* ¶ 35). Plaintiff alleges that although the City's discovery revealed no evidence that he was the person Ms. Powell had identified as her assailant, the Columbus City Attorney's Office refused to dismiss the case until the morning of trial on September 13, 2017. (*Id.* ¶¶ 36–46). The reason for dismissal was listed as "wrong defendant." (Dismissal Entry, ECF No. 1-6).

Plaintiff alleges that "CPD and/or the City of Columbus had a pervasive, longstanding custom or practice that had the force of law, which authorized its officers, and specifically Officers Stephen and Pinkerman, to file charges against[,] cause the arrest of and pursue prosecution of, individuals for whom the officers had no probable cause to charge, arrest, or prosecute." (Compl., ¶ 27). In the alternative, Plaintiff alleges that "CPD and/or the City of Columbus fail[ed] to properly train its officers, thereby permitting them to charge, arrest and prosecute individuals without probable cause." (*Id.* ¶ 28).

On June 18, 2018, Plaintiff filed a Complaint against Officer Stephens, Officer Pinkerman, CPD, and the City of Columbus, alleging false arrest (Count I), malicious prosecution (Count II), and a *Monell* claim (Count IV),[1] in violation of 42 U.S.C. § 1983, and negligent and/or intentional infliction of emotional distress (Count III), in violation of Ohio law. (ECF No. 1). In addition to monetary damages, Plaintiff requests that the Court declare "that the training programs in place within CPD and the City of Columbus are inadequate to advise officers of the demands of the Fourth Amendment," and grant "a continuing injunction

---

[1] Plaintiff is referring to a claim against a municipality that its policy or custom caused a constitutional violation first recognized in *Monell v. Dept. of Soc. Services of the City of New York*, 436 U.S. 658 (1978).

mandating the CPD and the City of Columbus to provide a court-monitored officer training program outlining the citizens' Fourth Amendment right to be free of malicious prosecution and Fourth Amendment right to be free of false arrest, to be implemented immediately and continued for a period of five years thereafter." (*Id.* at p. 20). Defendants filed a joint Answer on January 18, 2019. (ECF No. 9).

On April 4, 2019, Defendants filed a partial Motion for Judgment on the Pleadings (ECF No. 13). CPD requests judgment on all claims and Defendants Stephens and Pinkerman request judgment on Plaintiff's negligent infliction of emotional distress claim. Defendants also argue that Plaintiff lacks standing to seek the injunctive relief he requests. On May 8, 2019, Plaintiff filed his Memorandum Contra. (ECF No. 16). Defendants filed their Reply on May 13. (ECF No. 17). Defendants' Motion is now ripe for review.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed in the same manner as a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008). All allegations in the plaintiff's complaint are construed in the light most favorable to him, with all allegations accepted as true and all reasonable inferences drawn in the plaintiff's favor. *Bullington v. Bedford Cty.*, 905 F.3d 467, 469 (6th Cir. 2018). "To overcome a defendant's motion, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Bullington*, 905 F.3d at 469 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The motion should be granted when there is no material issue of fact and the moving party is entitled to judgment as a matter of law. *Tucker*, 539 F.3d at 549.

## III. ANALYSIS

### A. Columbus Division of Police

CPD argues that it is entitled to judgment on all counts because police departments are not *sui juris*. Plaintiff responds that the pleadings do not establish whether CPD is *sui juris* or not. Rather, Plaintiff contends that at this point in the proceedings, a question exists as to whether CPD is a sub-unit of the City of Columbus or whether it is a separate legal entity capable of being sued in its own right. Plaintiff's argument is without merit.

The status of CPD is not fluid. It does not change depending on the nature of what is alleged in the pleadings or what facts come out during the course of discovery. Whether CPD can be sued is a legal question the Court can answer right now. As this Court previously articulated, "[p]olice departments are not *sui juris*; they are merely sub-units of the municipalities they serve." *Jones v. Marcum*, 197 F. Supp. 2d 991, 997 (S.D. Ohio 2002); *see also Goodwin v. Cnty. of Summit, Ohio*, 45 F. Supp. 3d 692, 698 (N.D. Ohio 2014). "They are . . . vehicles through which municipalities fulfill their policing functions." *Davis v. Bexley Police Dept.*, No. 2:08-cv-750, 2009 WL 414269, at *2 (S.D. Ohio Feb. 17, 2009). CPD cannot be held liable independent of the City of Columbus.

Accordingly, Defendants' Motion is **GRANTED** as to all claims against CPD and CPD is **DISMISSED** from this action.

### B. NIED Claim Against Stephens and Pinkerman

Next, Officers Stephens and Pinkerman argue that Plaintiff's claim of negligent infliction of emotional distress ("NIED") is barred under Ohio Revised Code § 2744.03(A)(6). Plaintiff responds that because he also alleges that the Officers' acts were "intentional, extreme, and outrageous," and "were conducted in bad faith and/or in a wanton or reckless manner," his NIED

claim should be allowed to go forward. (Pl. Mem. Contra, 4, ECF No. 16).

City employees, including police officers, are statutorily immune from suit under Ohio law unless one of the following exceptions applies: "(a) [t]he employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) [t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]" Ohio Rev. Code § 2744.03(A)(6). Mere "negligence is insufficient to remove the cloak of immunity." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 316 (6th Cir. 2005).

Plaintiff relies on the Sixth District Ohio Court of Appeals case *David v. Matter*, 96 N.E.3d 1012 (Ohio Ct. App. 6th Dist. 2017), to support his position that because Plaintiff alleged that the Officers were both negligent and reckless or intentional, that is sufficient to support a claim for NIED at this stage in the litigation. In that case, the court allowed an NIED claim to go forward against the police officer defendants because the complaint alleged a higher standard of intent identified in § 2744.03(A)(6). *Id.* at 1019. However, a claim for intentional infliction of emotional distress ("IIED") had not been pled in that case. *Id.* at 1018. Thus, the court noted that, in a sense, the heightened intent allegation converted the negligence-based tort claim into an intentional/reckless tort claim and plaintiff would have to prove the heightened intent at trial. *Id.* at 1018–19.

Here, Count III of the Complaint alleges both negligent and intentional infliction of emotional distress. Plaintiff may very well be able to ultimately recover for IIED if he proves that the Officers acted recklessly or intentionally. *See Hunt v. City of Toledo Law Dept.*, 881 F. Supp. 2d 854, 886 (N.D. Ohio 2012) ("Under Ohio law, reckless infliction of emotional distress and intentional infliction of emotional distress are the same cause of action."). However, because no exception for negligence in connection with a governmental function applies, there can be no

separate recovery for NIED. *Id; Ward v. Cnty. of Cuyahoga*, 721 F. Supp. 2d 677, 695 (N.D. Ohio 2010). Thus, this case is not illustrative of the scenario outlined in *David v. Matter* and Plaintiff's NIED claim cannot move forward.

Accordingly, Defendants' Motion is **GRANTED** as to the allegation of negligent infliction of emotional distress in Count III.

### C.  Injunctive Relief

Finally, Defendants argue that Plaintiff lacks standing to seek injunctive relief because the Complaint "does not state enough facts to sufficiently allege that he will be falsely arrested or maliciously prosecuted in the future or that he otherwise faces any real threat of immediate injury." (Defs. Mot., 5, ECF No. 13). Plaintiff responds that he should have the opportunity to obtain discovery and establish a record before the Court determines he does not have standing to seek injunctive relief. Further, Plaintiff clarifies that he does not allege that just he will be wronged again in the same manner "but rather that it is likely that he and other citizens will be injured in a similar manner as a result of the City's and CPD's polices and lack of training of its employees." (Pl. Mem. Contra, 7).

To support Article III standing, "a plaintiff must show that (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). "Further, a plaintiff must have standing for *each* claim he asserts." *Cohn v. Brown*, 161 Fed. Appx. 450, 454 (6th Cir. 2005) (emphasis in original). Simply because a plaintiff has standing for a damages claim does not establish his standing to seek injunctive relief. *City of Los*

*Angeles v. Lyons*, 461 U.S. 95, 105 (1983). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).

Here, Plaintiff's standing to seek injunctive relief depends on whether he is likely to suffer future injury from CPD's alleged policy of violating the Fourth Amendment. That Plaintiff may have been falsely arrested by CPD officers on June 17, 2017 and wrongfully prosecuted thereafter, does nothing to establish a real and immediate threat that he will be falsely arrested and prosecuted again. *See Lyons*, 461 U.S. at 105. Similarly, the additional allegation in the Complaint that "[p]ublic records disclose numerous cases of false arrest and malicious prosecution by Columbus Police Officers and the City of Columbus" (Compl., ¶ 82) falls short of what is necessary to establish a case or controversy between Plaintiff and Defendants. *See Lyons*, 461 U.S. at 105.

As explained by the Supreme Court in *Lyons*, in order to establish an actual controversy in this case, Plaintiff would have had to allege that he will have another encounter with the police and also that either all CPD officers always violate the Fourth Amendment in arresting citizens or the City of Columbus ordered or authorized CPD officers to act in such manner. *See id.* at 105–06. Although Plaintiff does allege that it has "become the official policy of the CPD and City of Columbus to approve of such Fourth Amendment violations" (Compl., ¶ 86), the Complaint does not indicate how Plaintiff will realistically be affected by CPD officers who act according to that alleged policy. *See Lyons*, 461 U.S. at 106. It merely speculates that Plaintiff or "residents of and visitors to Columbus" may be falsely arrested and prosecuted in the future. (Compl., ¶ 92); *see Golden v. Zwickler*, 394 U.S. 103, 109 (1969) (finding the plaintiff did not have standing to seek declaratory relief where it was "wholly conjectural that another occasion

might arise when [the plaintiff] might be prosecuted" for his conduct).

"Absent a sufficient likelihood that he will be wronged again in a similar way, [Plaintiff] is no more entitled to an injunction than any other citizen of [Columbus]; and a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of law enforcement officers are unconstitutional." *Lyons*, 461 U.S. at 111; *see also O'Shea*, 414 U.S. at 494 ("It must be alleged that the plaintiff . . . is immediately in danger of sustaining some direct injury as the result of the . . . official conduct." (internal quotations omitted)). Moreover, Plaintiff must allege a distinct and palpable injury to himself in order to have "standing to seek relief on the basis of the legal rights and interests of others." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Plaintiff's attempt to distinguish the case *sub judice* from *Lyons* is unpersuasive.

Accordingly, Defendants' Motion is **GRANTED** as to Plaintiff's claims for injunctive relief.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion. (ECF No. 13). The Clerk is **DIRECTED** to **TERMINATE** Defendant Columbus Division of Police from this action. Judgment is granted to the remaining Defendants on Count III, as to the negligent infliction of emotional distress claim, and Plaintiff's claims for injunctive relief.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE